IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 APR -7 AM 9:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

RAYMOND MCCUTCHEN,  }
  }
  Plaintiff  }
  }   CIVIL ACTION NO.
vs.  }
  }   CV 97-AR-0788-S
THE PRUDENTIAL INSURANCE  }
COMPANY OF AMERICA, et al.,  }
  }
  Defendants.  }

ENTERED
APR 07 1997

### MEMORANDUM OPINION

The court has for consideration a motion of defendant The Prudential Insurance Company of America ("Prudential"), to vacate the order of remand entered by the court on April 2, 1997. The order of remand erroneously stated that, the non-diverse defendant, Duane Rowland, had not joined in the notice of removal. This error was occasioned by the fact that the Clerk, while sending to the court the notice of removal and the motion to remand filed by Raymond McCutchen, did not send the paper by which Duane Rowland joined. The erroneous statement by the court was not crucial to the remand decision, which was based on the lack of substantive jurisdiction.

> As stated by IA Moore's Federal Practice ¶ 0.169 [2.-1]:
>
>> ...the entry of the order of remand and the mailing of a certified copy to the Clerk of the state court completely divests the federal court of jurisdiction so that it is powerless to vacate the order of remand.

For this proposition Professor Moore cites In re Lapro v. Dencia Development Corp., 406 F.2d 251, 252-253 (1st Circuit 1969) wherein that court said:

> ...there is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." [referring to 28 U.S.C. § 1447(d)] The district court has one shot, right or wrong.

It is true, as asserted by Prudential, that on July 29, 1996, this court stayed proceedings in Annette D. Lovett v. The Prudential Insurance Company of America, et al., CV 96-AR-1708-S, and subsequently that the case was transferred to a multi-district panel, but this court made it clear in its order that plaintiff's pending motion to remand was carried with the transfer so that the question of federal jurisdiction was not ruled upon, expressly or impliedly. By calling the offices of Honorable Alfred M. Wolin, United States District Judge for the Northern District of New Jersey, this court has now ascertained that plaintiff's motion to remand in Lovett v. Prudential has not yet been ruled upon. For what it may be worth, this court now believes that it should have granted the motion to remand in Lovett v. Prudential and not stayed the proceeding.

A separate order denying Prudential's motion will be entered.

DONE this ___4___ day of April 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE